8-10-23

ATTENTION DISTRICT COURT OF WICHITA COUNTY !!

PLAINTIFFS OPENING STATEMENT AND COMPLAINT

MOTION FOR APPOINTMENT OF COUNSEL

OCT 23 2023

I'm writing to address the issues concerning my currently pending civil cause No's 2:23-CV-00093-Z-BR, 2:23-CV-00111-Z-BR, and previous civil actions being affected due to the evil intended acts, actions, and behaviors of a heinous amount of illegal and organized criminal activities committed by individuals employed at the James Allred Unit whom all individuals involved I am not able to include due to fear of my life being placed in imminent danger.

MOTION FOR IMMEDIATE SANCTIONS

Most recent incident concerning my property being lost, stolen, misplaced, damaged, and/or destroyed in the possession of James Allred occurred on June 2, 2023 which I've filed grievances, wrote I-60's, and requested reimbursement and compensation has been frivolous due to the retaliation, harassment, and discrimination committed against me for petitioning the courts which includes negligence, official oppression, assault and battery, false imprisonment, intentional infliction of mental and emotional distress, theft, conspiracy, treason, fraud, and, but not limited to, enlisted gross turpitude.

Since February 18, 2023 I've been assigned to the James Allred as a G5 (closed custody) offender which I've received 95% of my legal mail as well as personal mail (and even TDCJ uniform access to courts documents: grievances, sick calls, I-60's, disciplinary hearing results, UCC/FHC review results;) have continuously been illegally withheld, tampered with, and/or destroyed by James Allred employees.

MOTION FOR IMMEDIATE TEMPORARY RESTRAINING ORDERS

I hope to receive immediate relief regarding the 8-9-23 unethically conducted UCC review which I'm having immediate sanctions are imposed against the following TDCJ employees as well as those who cast a threat and danger to the security of the James Allred agencies, departments, and public officials as well as to general population (C1, C2, C3, G4, G5) as well as closed custody (AD SEG) concerning any and all contractors, employees, staff, and volunteers to prevent any life endangering series of events which I also wish to finally receive all medical, mental health, and psych assistance, care, services, and treatment I'm entitled to and eligible for.

MOTION FOR SPEEDY TRIAL BY JURY

Additional requested relief: G2 custody; Line 1 class (due to the fact that I am eligible for mandatory supervision and less than 12 months left to discharge a non-agg 2 year sentence for an "illegally obtained" and "unjustifiably enhanced" 1st degree felony for a petty offense of burglary of a habitation "with no victim" yet I was still deprived of my constitutional rights, substantial rights, and procedural rights) ; $3500 against each individually and jointly involved defendant for compensation and reimbursement for such participation in the fabricated and falsified preliminary investigation reports along with these on camera

FEBRUARY 18th 2023 TO (PRESENT) ON AUGUST 9th 2023

NEEDED BOUNDARY TO BE SERVED BY MARSHALL

DEFENDANTS

WARDEN KEVIN SMITH

ASST WARDEN JIMMY SMITH

ASST WARDEN CHRISTOPHER WIEDAU

ASST WARDEN BRYAN RILEYSHA

MAJOR TODD MURDOCK (ELB/HIGH SECURITY)

MAJOR SCHWART (CBLOC)

CAPTAIN CRABE (ELB/HIGH SECURITY)

CAPTAIN MILLER (DHB) BBLOC

CAPTAIN CHAVEZ (EBLDG)

CAPTAIN JOHN DOE (ELB/HIGH SECURITY DHB)

UNIT CLASSIFICATION & JOHN DOE

UNIT ADMINISTRATION (JOHN DOE)

UNIT DISCIPLINARY (JOHN DOE)

UNIT GRIEVANCE (JOHN DOE)

UNIT LAW LIBRARY (JOHN DOE)

UNIT COMMISSARY (JOHN DOE)

INMATE OPEN RECORDS (JOHN DOE)

UNIT LIBRARY (JOHN DOE)

UNIT MEDICAL/MENTAL HEALTH/PSYCH (JOHN DOE)

UNIT SAFEPRISONS/PREA (JOHN DOE)

UNIT FOOD SERVICE (JOHN DOE)

UNIT SUPLY (JOHN DOE)

UNIT VISITATION (JOHN DOE)

UNIT LAUNDRY

ET AL

SGT MCCLOUGH (JOHN)

LT RUSHING (JOE)

CO LOYA (JOHN)

CO NILLUS (JOHN)

CO LOTODN (JOHN)

CO JAMES (JOHN)

CO HAZBUCK (JOHN)

CO FORMBY (JOHN)

CO OFFTEALL (JOHN)

CO OBENL (JOHN)

CO OBENL (JOHN)

CO OBENE (JOHN)

CO FOX (JOHN)

CO UNDERBLOOD (JOHN)

CO BATES (JOHN)

SGT ROGERS (JOHN)

SGT MAHAFFEY (JOHN)

SGT HUNLEY (JOHN)

CO DIONNE (JOHN) ET AL

2. County of Conviction: ELLIS County

3. Approximate Date of Sentencing: APRIL 2018

4. Name of family member or friend to serve as out-of-prison contact person: ~~Carol~~ STEPHANIE BOWMAN

5. Phone Number of family member/friend: 9724675153

6. Case number: 42877CR

7. Types of relief you are interested in exploring:

- Direct Appeal
- Texas Article 11.073 writ regarding scientific evidence
- Texas Article 11.07 writ
- Application for Commutation
- Federal Writ of Habeas Corpus
- Other relief not listed here: Any other relief court may deem I'm entitled to.

MOTION FOR APPOINTMENT OF COUNSEL

- Ineffective prior attorney (ineffective assistance of counsel)
- Improper admission of character evidence
- Speedy trial right of state law
- Improper "burden shifting" of the prosecutor
- Speedy trial right of US Constitution Amendment VI
- Legally faulty jury instructions
- Defendant improperly restrained in front of jury
- Improper exclusion of a witness
- Jury improperly allowed to see shackles, handcuffs, or jail clothes of defendant
- Improper limitation of cross examination
- Defendant was excluded from courtroom for portions of the trial
- Improper admission of defendant's statement or confession
- Judge communicated to jury without defense counsel present
- Denial of attorney of choice
- Improper admission of confession following failure to give Miranda warnings
- Improper denial of suppression motion
- Improper ruling on motion related to sufficiency of warrant
- Insufficient probable cause
- Improper ruling on motion related to identification procedures
- Improper admission of faulty line-up procedure
- Denial of counsel's presence at a critical stage of court proceedings
- Violation of defendant's Fifth Amendment right against self-incrimination
- Trial attorney had conflict of interest
- Double jeopardy
- Defendant denied right of self-representation
- Statute providing basis for conviction was amended to protect defendant
- Judge incorrectly joined case with co-defendant
- Defendant was unduly prejudiced by pretrial or trial publicity
- Denial of jury trial
- Prosecutor challenged a juror due to juror's race, gender, or other protected classification
- Insufficient evidence for a conviction
- Judge's ruling on expert testimony was incorrect
- Defendant was not mentally competent for trial
- Judge failed to give a required jury instruction
- Unconstitutionally broad statute defining offense
- Jury verdict form was improper or improperly filled out
- Statute resulting in conviction abridged First Amendment rights
- Prosecutor committed "Golden Rule" violation in argument
- Judge improperly closed courtroom during trial
- Prosecutor failed to disclose exculpatory evidence
- Improper interference with jury deliberations
- Prosecutor failed to disclose relevant information about a witness
- Actual innocence
- Sentencing error by judge
- Charges were filed after statute of limitations
- Court lacked subject matter jurisdiction

Stroh Law P.C.
866 716 2805
7600 Chevy Chase Dr Ste 300  Austin TX 78752  512 8805 4821
11500 W. Olympic Blvd Ste 400  Los Angeles CA 90064

AS A PROSELITIBIAT HOW IS IT THAT I'M ONLY EATTILED TO 5 PERSONAL LETTERS A MONTH YET I'VE BEEN INDIGENT WELLS OVER 6 MONTHS DUE TO TRUST FUND ACCOUNT REFUSING TO REIMBURSE THE FUNDS UNJUSTIFIABLY WITHDRAWN FROM MY ACCOUNT ON AUGUST 25TH, 2022

# Failure to Qualify for Indigent Supplies

Raymond, Mason
**Inmate's Name**

219608T
**TDCJ #**

8L-19T
**Housing Assignment**

☒ You failed to qualify for supplies (e.g. not indigent, commissary restricted, request was incomplete, no justification of need, no signature, not your designated supply day, request not submitted in your ISE, etc.).

☐ You failed to exhaust previously issued supplies.

☐ You failed to qualify for sealed mail, open and resubmit.

☐ You failed to qualify for inmate/inmate correspondence, submit an ATCP-03.    MY ISE WAS IN THEIR POSSESSION

☐ You have already been issued your monthly allotted personal postage.

☐ The letter(s) you submitted for postage failed to comply with ATC-034, examples 3 and/or 4.

☐ Postage will not be issued for questionable (e.g. homemade envelopes, recycle envelope, etc.) mail.

☐ You were not issued carbon paper, because you failed to exchange.

☐ You were not issued a pen, because you failed to exchange.

☐ You failed to qualify for a writ envelope (e.g. address, court date, # of pages, etc.).

☐ Postage will only be provided for correspondence.

☒ Other: Last time filled personal filled 7-28-23 can refill after 8-28-23

************************************************************

WITNESS AND VICTIM OF SIMILAR

RELATED INCIDENTS

Peter Williams 245SHD

write Open Records

WEB-LYNN 1 POULTRESS 8/3/23 ... 11/14/25 PASSING ERROR L-11

I AM REQUESTING TO PLAY MY ... CASE IS MY EMERGENCY contact
AND WISH TO BE INFORMED ACCESSARY DOCUMENTS FOR SUCH REQUEST

Send an I-60 with the emergency contact
information to classification



TEXAS DEPARTMENT OF CRIMINAL JUSTICE — INSTITUTIONAL DIVISION

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ Unit Assignment, Transfer (Chairman of Classification, Administration Building)

2. ☐ Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)

3. ☐ Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)

4. ☐ Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)

5. ☐ Visiting List (Asst. Director of classification, Administration Building)

6. ☐ Parole requirements and related information (Unit Parole Counselor)

7. ☐ Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)

8. ☐ Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)

TO: _____ DATE: _____

_(Name and title of official)_

ADDRESS: _____

**SUBJECT:** *State briefly the problem on which you desire assistance.*

Request Approved

Faith Change to "Roman Catholic"

CH Anderson
5-1-23

Name: Deonofray Raymond Meson    No: 2198087    Unit: JA

Living Quarters: 8-2-19 T    Work Assignment: ———

**DISPOSITION:** (Inmate will not write in this space)

**IN THE UNITED STATES DISTRICT COURT
FOR THE ~~Northern District~~ DISTRICT OF TEXAS
~~Texas~~ DIVISION**

Deondray Raymond Mason
_____
Plaintiff's name and ID Number

James Allred
_____
Place of Confinement

CASE NO._____
(Clerk will assign the number)

V.

**APPLICATION TO PROCEED
IN FORMA PAUPERIS**

_____
Defendant's name and address

I, Deondray Raymond Mason, declare, depose, and say I am the Plaintiff in the above entitled case. In support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state because of my poverty, I am unable to pay in advance the filing fee for said proceedings or to give security for the filing fee. I believe I am entitled to relief.

I, further declare the responses which I have made to the questions and instructions below are true.

1.   Have you received, within the last 12 months, any money from any of the following sources?

   a.   Business, profession or from self-employment?      Yes ☐    No ☑
   b.   Rent payments, interest or dividends?               Yes ☐    No ☑
   c.   Pensions, annuities or life insurance payments?     Yes ☐    No ☑
   d.   Gifts or inheritances?                              Yes ☐    No ☑
   e.   Family or friends?                                  Yes ☐    No ☑
   f.   Any other sources?                                  Yes ☐    No ☑

   If you answered **YES** to any of the questions above, describe each source of money and state the amount received from each during the past 12 months.

   _____
   _____

2.   Do you own cash, or do you have money in a checking or savings account, including any funds in prison accounts?

   Yes ☐          No ☑

   If you answered **YES** to any of the questions above, state the total value of the items owned.

   _____
   _____

☆ATCIFP (REV. 9/02)

3.  Do you own real estate, stocks, bonds, note, automobiles, or other valuable property, excluding ordinary household furnishings and clothing?

Yes ☐          No ☑

If you answered **YES**, describe the property and state its approximate value.

_____

_____

**I understand a false statement in answer to any question in this affidavit will subject me to penalties for perjury. I declare (certify, verify, or state) under penalty of perjury that the foregoing is true and correct (28 U.S.C. §1746).**

Signed this the ___9TH___ day of ___AuGuST___, 20 _23_.

~R~ ~R~ M                    2198087

**Signature of Plaintiff**          **ID Number**

**YOU <u>MUST</u> ATTACH A CURRENT SIX (6) MONTH HISTORY OF YOUR INMATE TRUST ACCOUNT.  YOU CAN ACQUIRE THE APPROPRIATE INMATE ACCOUNT CERTIFICATE FROM THE LAW LIBRARY AT YOUR PRISON UNIT.**

☆ATCIFP (REV. 9/02)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

DEONDRA RAYMOND MASON

Plaintiff

§
§
§
§
§
§
§
§
§    ~~███████~~
§    Case Number
§
§
§
§

v.

~~███████~~

Defendant

## NOTICE AND ELECTION REGARDING CONSENT TO PROCEED
## BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned notifies the clerk that

DEONDRA RAYMOND MASON          PLAINTIFF

*Party Name*                    *Party Role (Plaintiff or Defendant)*

_____ waives the right to proceed before a district judge of the United States District Court and consents to

have a United States magistrate judge conduct any and all further proceedings, including any trial, and

order entry of a final judgment.

__✓__ acknowledges the availability of a United States magistrate judge to try this case or rule on

dispositive motions but chooses not to consent to proceed before the magistrate judge.

Date: _____ 8-16-23 _____          Signature: _____

                                    Bar Number (if attorney): _____

                                    Telephone Number: 972 467 5153

                                    E-mail Address: _____

**NOTE:** A district judge or a magistrate judge will not be informed of any party's election unless all parties
have consented to the reassignment of the matter to a magistrate judge.

## TRIALS BY THE UNITED STATES MAGISTRATE JUDGE

In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), upon consent of all parties in a civil case, the district judge may enter an order reassigning the civil case to a magistrate judge. Miscellaneous Order No. 6 of the Northern District of Texas provides that it is the plaintiff's obligation to attach a copy of this notice to the complaint and summons, when served.

## NOTICE OF RIGHT TO CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

The Court has experienced, competent, and hard–working magistrate judges who are available to try jury and non–jury civil cases pursuant to 28 U.S.C. § 636(c). Consent to proceedings before a magistrate judge may allow you to expedite the handling of your case.

You may consent to the exercise of civil jurisdiction over your case by a magistrate judge. If all parties involved in your case consent, the presiding district judge may reassign your case to a magistrate judge.

Your decision to consent to the reassignment of your case to a magistrate judge, or not to consent, is entirely voluntary and without any adverse consequences if you choose not to consent. Your decision should be communicated to the clerk of the district court using *Notice and Election Regarding Consent to Proceed Before a United States Magistrate Judge* form. A district judge or magistrate judge will not be informed of any party's decision unless all parties have consented to the reassignment of the matter to a magistrate judge.

Even if all parties consent to the exercise of civil jurisdiction by a magistrate judge, the district judge may choose not to enter an order reassigning the case to a magistrate judge. However, if the district judge reassigns your case to the magistrate judge, the magistrate judge is then authorized to conduct any or all proceedings in the case, including a jury or non–jury trial, and order the entry of a final judgment. Upon entry of judgment by the magistrate judge in any case transferred under 28 U.S.C. § 636(c)(1), 28 U.S.C. § 636(c)(3) provides that "an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court."

**IMPORTANT NOTE:** This submission is not treated as a filing in ECF, so the consent form will not appear on the docket sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

*RECEIVED ON 8-8-23*

| | | |
|---|---|---|
| DEONDRAY RAYMOND MASON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:23-CV-128-Z-BR |
| | § | |
| TDCJ AGENCIES, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS
COMPLAINT AS THREE STRIKES BARRED**

This is a civil rights action brought by Deondray Raymond Mason ("Plaintiff"), a Texas inmate appearing *pro se*, against state agencies pursuant to 42 U.S.C. § 1983. (ECF 3 at 7). Plaintiff is an inmate confined in the Allred Unit of TDCJ in Iowa Park, Texas. While incarcerated, Plaintiff has filed at least three prior civil actions that were dismissed as frivolous or for failure to state a claim. Plaintiff has not filed an application to proceed *in forma pauperis*. Having reviewed the records submitted, it is clear to the undersigned that Plaintiff is not in imminent danger of serious physical injury, and, therefore, it is recommended that this action be dismissed as barred by 28 U.S.C. § 1915(g).

The PLRA, enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See*

*Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). When a district court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under 1915(g) once the judgment becomes final. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). A district court's dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. *Id.*

A prisoner is barred from proceeding *in forma pauperis* if he is subject to the "three-strike" provision "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint must present a claim that Plaintiff is in danger of imminent serious physical injury to overcome the bar. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). In applying the "three-strike" provision of 1915(g), a court may consider case dispositions that occurred prior to the effective date of the PLRA. *See Adepegba*, 103 F.3d at 387-88. A review of PACER reflects that Plaintiff had the following prior actions dismissed with prejudice as frivolous or for failure to state a claim:

    a.   No. 6:20-cv-570 (E.D. Tex.) (dismissed on September 23, 2021 as frivolous);

    b.   No. 2:21-cv-164 (N.D. Tex.) (dismissed on April 6, 2022 as frivolous); and

    c.   No. 5:21-cv-126 (N.D. Tex.) (dismissed on April 18, 2022 as frivolous).[1]

Furthermore, Plaintiff has not alleged imminent harm of any kind that would entitle him to evade dismissal of this action. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

<u>RECOMMENDATION</u>

For the above reasons, it is the recommendation of the undersigned that the complaint filed by Plaintiff be dismissed as barred by the three strikes provision of 28 U.S.C. § 1915(g). This

---

[1] *See also* No. 2:23-cv-093 (N.D. Tex.) (recommendation to dismiss as frivolous pending); No. 2:23-cv-111 (N.D. Tex.) (recommendation to dismiss as frivolous pending).

recommendation is without prejudice to Plaintiff's right to reopen the case if he pays the $402.00

filing and administrative fees and files a motion to reopen within thirty days of the date of final

judgment.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of these Findings, Conclusions

and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 31, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.   In
the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections
is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the
signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by
electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the
fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.
*See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the
Findings, Conclusions and Recommendation." Objecting parties shall file the written objections
with the United States District Clerk and serve a copy of such objections on all other parties. A
party's failure to timely file written objections shall bar an aggrieved party, except upon grounds
of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal
conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district
court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en
banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS
Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857
F.2d 275, 276-77 (5th Cir. 1988).

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE** _Northern_ **DISTRICT OF TEXAS**
_Amarillo_ **DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUL 28 2023

CLERK, U.S. DISTRICT COURT
By_____
Deputy

_Dorothy Raymond Mason 2196087_
Plaintiff's Name and ID Number

_James Allred_
Place of Confinement

## 2-23CV-128-2
CASE NO._____
(Clerk will assign the number)

v.

_____
Defendant's Name and Address

_____
Defendant's Name and Address

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) , the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

COPY

Rev. 05/15

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

APR - 7 1997

NANCY DOHERTY, CLERK
By_____
Deputy

§
§
IN RE LITIGATION UNDER THE          §
PRISON LITIGATION                   §
REFORM ACT OF 1995                  §
§
§
§
§

GENERAL ORDER CONCERNING LITIGATION UNDER
THE PRISON LITIGATION REFORM ACT OF 1995

No motion shall be filed in any lawsuit subject to the Prison Litigation Reform

Act of 1995 (PLRA) unless the full filing fee has been paid or until an order has been entered

acknowledging receipt of an initial partial filing fee (or waiving the initial partial filing fee) and

ordering the plaintiff's custodian to collect the filing fee or balance thereof pursuant to the

PLRA.

Any motions submitted with the original complaint, or submitted subsequent to

the filing of the original complaint but prior to the entry of an order for collection as set forth

above, shall be returned to the plaintiff unfiled, with a copy of this Order.

IT IS SO ORDERED.

ENTERED THIS 4th DAY OF APRIL 1997.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

**U.S. District Court for the Northern District of Texas**
**Instructions to a Prisoner *Pro Se* Plaintiff**

Your suit <u>MASON V. TDCJ AGENCIES</u> was filed on <u>7/28/2023</u> and has been assigned to the Honorable Matthew J Kacsmaryk, case number <u>2:23−cv−00128−Z−BR</u>.

These instructions do not include everything you need to know to pursue your case, but following them may help you avoid common mistakes that can result in delay or other consequences−including dismissal of your case.

1. **Filing Procedures** − The Local Civil Rules include the following requirements:

   ♦ You must submit a judge's copy (a paper copy) of any document you file. If you want a file−stamped copy returned to you, submit the original, the judge's copy, and an extra copy to be returned to you, and provide a self−addressed, postage−paid envelope. The clerk cannot make an extra copy for you unless you first pay a fee of 50 cents per page.

   ♦ You must type or legibly handwrite your documents on one side of numbered pages. Any exhibit or discovery material attached to the filing must be referred to in the filing. Any exhibit or discovery material not referred to in your filing or not attached to your filing may be returned to you.

2. **Address Change** − You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case.

3. **Rules to Follow** − You must read and follow the Court's Local Civil Rules and the Federal Rules of Civil Procedure. Because the presiding judge is authorized to change how certain rules apply, you must read and follow the judge's orders in your case.

4. **Request for Attorney** − In a civil case, you generally are not entitled to a court−appointed attorney to represent you without cost to you. If you request a court−appointed attorney, a judge will decide whether to appoint an attorney depending on the circumstances of the case. Even if the court decides to appoint an attorney, the attorney cannot be forced to accept the appointment. You may call the Lawyer Referral Service of the State Bar of Texas at (800) 252−9690 for assistance in securing the services of a private attorney to represent you for a fee.

5. **Initial Case Review** − If the Court grants leave to proceed in forma pauperis, service of process will be withheld pending review of your complaint, and your complaint may be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

6. **Copies to Defendant** − After a defendant has been served your complaint, you must serve a copy of any other document you file upon the defendant's attorney (or upon the defendant, if the defendant is pro se). You must serve the opposing side by mail or another manner authorized by Fed. R. Civ. P. 5 (b)(2). All documents must contain a Certificate of Service reflecting that you served the opposing side. This is an example of language you may use:

   ♦ I hereby certify that on <u>(Date)</u> , I forwarded a copy of the foregoing document to _____, the attorney for (Defendant) at the address of _____.

                                                                    <u>/Signature/</u>

7. **Discovery Materials** − Do not file discovery materials with the clerk. If you file a motion to compel discovery, you may attach only the portions of discovery that are relevant to your motion.

8. **Questions About Your Case** − Do not write letters to the judge asking questions about your case − all communication with the judge should be through filings. Do not write letters to the clerk asking for instructions on how to handle your case, since the clerk is prohibited from giving legal advice.



NAME  Robert Mason

TDC#  14087

2101 FM 369 N

IOWA PARK, TEXAS. 76367

LEGAL

USA / DOLLAR

RECEIVED

OCT 2 3 2023

CLERK ___ ___ ___ COURT
N ___ ___ DISTRICT OF TEXAS

WICHITA COUNTY
1000 LAMAR ST STE 263
WICHITA FALLS TX 76301

SENT OUT: 8-10-23